## Kopet v. Bellevue Leather Products, Inc.

*Martin J. Cunningham,* for plaintiffs.
*Robert J. Bond, Jr.,* for defendant.

KELLEY, J., May 16, 1960.—This matter arises by way of a complaint in equity whereby plaintiffs seek to enjoin the sale of the physical assets of defendant, Bellevue Leather Products, Inc., by defendant Llewllyn, who holds a chattel mortgage thereon. Bellevue is in default of that mortgage. Plaintiffs contend that the lien of Llewllyn's chattel mortgage lapsed by reason of noncompliance with the terms of the Act of January 24, 1956, P. L. 931, sec. 7 (Chattel Mortgages), 21 PS §941.7, and that before it was properly extended a lien on said assets in behalf of plaintiffs, who are employes who have unpaid wage claims as yet unreduced to judgment, intervened.

Because a claim for unpaid wages which is not reduced to judgment is not a lien against the assets of the employer in the instant situation, the relief prayed for must be denied.

The Act of May 12, 1891, P. L. 54, sec. 1, 43 PS §221, provides that moneys due for wages of certain enumerated persons, within limits as to time and amount, shall be liens upon real or personal property sold, by execution or otherwise, on account of the death or insolvency of the employer and shall be preferred and first paid out of the proceeds of such sale. However, this act does not create a lien in the true sense of the word.

"It is clear, however, that under the law of Pennsylvania the wage claimants do not have a lien in the true sense but merely a priority in the distribution

of the proceeds of a judicial sale": Miners Saving Bank of Pittston v. Joyce, 97 F. 2d 973, 978.

The "lien" created by the statute does not apply to, nor will it interfere with, a transfer of the employer's property to one as the absolute beneficial owner in discharge of a debt antecedently due him (Brown v. Title & Trust Co., 174 Pa. 443, 481), but applies only to sales caused by operation of law, where a fund is to be raised for the benefit of the creditors of the employer, as a sale by an administrator or executor, by an assignee for the benefit of creditors, or by a receiver: Wilkinson v. Patton, 162 Pa. 12.

The wage claimants' possible right to a lien, which right was in existence at the time they contend that the prior lien of the chattel mortgage lapsed momentarily, is not in itself an absolute lien which would take priority over the renewed lien of the chattel mortgage, and because a sale by the chattel mortgagee is not a sale by which a fund is to be raised for the benefit of creditors (Act of January 24, 1956, supra, 21 PS §941.8), they cannot share in the proceeds thereof. Accordingly, rule discharged.